**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____1:18-cv-02373_____

REBECCA CALABRIS AND DAVIS CALABRIS,

      Plaintiffs,

v.

DISH NETWORK, LLC,

      Defendant.

## COMPLAINT

**NOW COMES** Rebecca Calabris ("Rebecca") and Davis Calabris ("Davis" and collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd., complaining of Dish Network, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains significant business contacts in the District of Colorado and is headquartered in the District of Colorado.

## PARTIES

4.   Plaintiffs are consumers and natural persons over 18-years-of-age that, at all times relevant, are each a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant operates satellite television programming and technology services in the United States, and regularly solicits consumers across the country, including those located in the state of Colorado.  Defendant's principal place of business is located at 9601 South Meridian Boulevard, Englewood, Colorado.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, vendors, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7.   Prior to the events giving rise to this cause of action, Plaintiffs obtained television service from Defendant.

8.   Subsequently, Plaintiffs began exploring different service providers, as they felt they were being overcharged by Defendant.

9.   Consequently, Plaintiffs fell behind on their payments ("subject debt").

10. Soon after Plaintiffs fell behind on the subject debt, Defendant began phone calls to Plaintiffs' cellular phones.

11. On or around May 2018, Plaintiffs each answered a phone call from Defendant and each demanded that Defendant cease placing calls to their respective cellular phones.

12. Plaintiffs' demand fell on deaf ears as Defendant continued placing calls to their cellular phones.

13. As time passed, Defendant began placing pre-recorded robotic calls to Plaintiffs' cellular phones.

14. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, possessors, and operators of the cellular telephones ending in 4158 and 2538. Plaintiffs are and always have been financially responsible for these cellular telephones and its services.

15. Defendant called Plaintiffs from numerous phone numbers, including but not limited to (877) 611-0614 and (866) 889-3869.

16. Upon information and belief, Defendant placed its calls to Plaintiffs' cellular telephones using an automated telephone dialing system, a system that is commonly used in the television service industry to collect defaulted accounts.

### DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiffs' daily lives and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiffs' cellular telephones capacity, wasting Plaintiffs' time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge their cellular telephones as a result of increased usage of their telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiffs, Defendant occupied Plaintiffs' telephone numbers such that Plaintiffs was unable to receive other phone calls.

20. Concerned about the violations of their rights and invasion of their privacy, Plaintiffs were forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

22. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiffs' cellular telephones using an automatic telephone dialing system ("ATDS") without their consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Upon information and belief, based on the pre-recorded messages, Defendant used an ATDS to place calls to Plaintiffs' cellular phones.

25. Defendant violated the TCPA by placing numerous phone calls to Plaintiffs' cellular phones from May 2018 through the present day using an ATDS without their consent.

26. Any prior consent, if any, was revoked by Plaintiffs' verbal revocations. As pled above, Plaintiffs verbally revoked consent to be called on their cellular phones to no avail.

27. As pled above, Plaintiffs were severely harmed by Defendant's collection calls to their cellular phones.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiffs' expense.

30. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, vendors, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiffs for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiffs is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiffs, REBECCA CALABRIS and DAVIS CALABRIS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiffs; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 17, 2018                    Respectfully Submitted,


                                             /s/ Alexander J. Taylor
                                             /s/ Marwan R. Daher
                                             /s/ Omar T. Sulaiman
                                             Alexander J. Taylor, Esq.
                                             Marwan R. Daher, Esq.
                                             Omar T. Sulaiman, Esq.
                                             *Counsel for Plaintiff*
                                             Sulaiman Law Group, Ltd
                                             2500 S Highland Ave, Suite 200
                                             Lombard, IL 60148
                                             Telephone: (630) 575-8181
                                             ataylor@sulaimanlaw.com
                                             mdaher@sulaimanlaw.com
                                             osulaiman@sulaimanlaw.com