**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| REBECCA CALABRIS AND DAVID CALABRIS, | ) ) ) | CIVIL ACTION NO. 1:18-CV-02373-WJM-NYW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| DISH NETWORK L.L.C., | ) ) | |
| Defendant. | ) ) | |

_____

**DEFENDANT DISH NETWORK L.L.C.'S ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM**

_____

Defendant DISH Network L.L.C. ("DISH"), through counsel, answers Plaintiffs Rebecca and David Calabris's ("Plaintiffs") Complaint (Doc. 1) (the "Complaint") as follows:

**NATURE OF THE ACTION**

1.      DISH admits that Plaintiffs purport to bring this action against DISH for alleged violations of the TCPA pursuant to 47 U.S.C. § 227.  DISH denies that Plaintiffs are entitled to any of their requested relief and denies that it violated the TCPA.

**JURISDICTION AND VENUE**

2.      DISH admits the allegations contained in Paragraph 2 of the Complaint.

3.      DISH admits the allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.      In response to the allegations contained in Paragraph 5 of the Complaint, DISH states that it is a limited liability company organized under the laws of the State of Colorado; that it provides satellite television products and services throughout the United States; and that its headquarters are located at 9601 S. Meridian Blvd, Englewood, Colorado 80112.  DISH denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint state legal conclusions or characterizations to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 6 of the Complaint, DISH denies those allegations.

## **ALLEGED FACTS SUPPORTING PLAINTIFFS' CAUSE OF ACTION**

7.      DISH admits that Plaintiffs are former DISH customers.   DISH denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies those allegations.

9.      DISH admits that Plaintiffs routinely fell behind on their payments to DISH, to which they were and are contractually obligated to pay.  DISH denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     DISH denies the allegations contained in Paragraph 10 of the Complaint.

11.     DISH denies the allegations contained in Paragraph 11 of the Complaint.

12.     DISH denies the allegations contained in Paragraph 12 of the Complaint.

13.     DISH denies the allegations contained in Paragraph 13 of the Complaint.

14.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies those allegations.

15.     DISH denies the allegations contained in Paragraph 15 of the Complaint.

16.     DISH denies the allegations contained in Paragraph 16 of the Complaint.

### DAMAGES

17.     DISH denies the allegations contained in Paragraph 17 of the Complaint.

18.     DISH denies the allegations contained in Paragraph 18 of the Complaint.

19.     DISH denies the allegations contained in Paragraph 19 of the Complaint.

20.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, on that basis, denies those allegations.

### ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21.     DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-20 of the Complaint.

22.     DISH denies the allegations contained in Paragraph 22 of the Complaint.

23.     The allegations contained in Paragraph 23 of the Complaint state legal conclusions or characterizations to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 23 of the Complaint, DISH denies those allegations.

24.     DISH denies the allegations contained in Paragraph 24 of the Complaint.

25.     DISH denies the allegations contained in Paragraph 25 of the Complaint.

26.     DISH denies the allegations contained in Paragraph 26 of the Complaint.

27.     DISH denies the allegations contained in Paragraph 27 of the Complaint.

28.     DISH denies the allegations contained in Paragraph 28 of the Complaint.

29.     DISH denies the allegations contained in Paragraph 29 of the Complaint.

30.     DISH denies the allegations contained in Paragraph 30 of the Complaint.

31.     DISH denies the allegations contained in Paragraph 31 of the Complaint.

The "WHEREFORE" clause following Paragraph 31 of the Complaint sets forth legal conclusions and Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, DISH denies the allegations contained in Plaintiffs' "WHEREFORE" clause and denies that Plaintiffs are entitled to the requested relief (or any other relief).

## GENERAL DENIAL

DISH denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(*Failure to State a Claim*)**

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(*Lack of Standing*)**

Plaintiffs lack standing to assert the claims in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
**(*Estoppel, Unclean Hands, Waiver, Consent, Laches*)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (*Intervention*)

Plaintiffs' claims are barred or limited because the damages or injuries to Plaintiffs, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which DISH had and has no control, and/or by the acts or omissions of Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE
### (*Prior Express Consent*)

Plaintiffs' claims are barred to the extent that prior express consent, invitation, or permission was given to take any acts alleged in the Complaint, including but not limited to Plaintiffs having provided their telephone number(s) to DISH.

## SIXTH AFFIRMATIVE DEFENSE
### (*No Treble Damages*)

DISH has not acted willfully, knowingly, or intentionally, and, thus, Plaintiffs are not entitled to treble or otherwise enhanced damages.

## RESERVATION OF AFFIRMATIVE DEFENSES

DISH gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings in this action, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant DISH Network L.L.C. denies that Plaintiffs are entitled to any relief whatsoever, and respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in favor of DISH, that the Court award DISH its attorney's fees and costs incurred in defending this action, and award such other and further relief as the Court deems just and appropriate.

## DISH'S COUNTERCLAIM AGAINST PLAINTIFF DAVID CALABRIS

Pursuant to Fed. R. Civ. P. 13, DISH Network L.L.C. states the following for its Counterclaim against Plaintiff David Calabris ("Mr. Calabris").

## PARTIES

1.      Defendant/Counterclaimant DISH Network L.L.C. ("DISH") is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 S. Meridian Blvd., Englewood, Colorado 80112.

2.      Upon information and belief, Plaintiff/Counterclaim Defendant David Calabris is an individual residing in Charlotte, North Carolina.

## JURISDICTION

3.      This Court has jurisdiction over DISH's Counterclaim pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over Mr. Calabris because Mr. Calabris has submitted himself to jurisdiction in this judicial district by virtue of bringing the Complaint against DISH in this judicial district.

5.      Venue of this dispute is proper pursuant to 28 U.S.C. § 1391(b)(2) and (3).

6.      This Counterclaim arises out of the transaction or occurrence that is the subject matter of Plaintiffs' Complaint.

## FACTS

7.      DISH and Mr. Calabris are parties to the captioned litigation.

8.      On or about January 10, 2017, Mr. Calabris entered into a DISH'n It Up Plan Agreement and a Residential Customer Agreement (the "Agreements") with DISH.  True and accurate copies of the Agreements are attached hereto as **Exhibit A**.

9.      Pursuant to the Agreements, DISH was to provide certain digital satellite services (the "Services") to Mr. Calabris.

10.     Under the Agreements, Mr. Calabris was to pay DISH for the Services and for certain other early termination and related expenses.

11.     Mr. Calabris also agreed to return all leased equipment to DISH in accordance with the Agreements, and agreed that if he did not do so, DISH would charge him for certain "Unreturned Equipment Charges," as applicable.

12.     Mr. Calabris agreed to a 24-month term commitment under the Agreements.

13.     DISH provided the Services to Mr. Calabris until at least May 2018.

14.     DISH invoiced Mr. Calabris for the Services provided to Mr. Calabris.

15.     As of the date of the filing of this Counterclaim, Mr. Calabris owes DISH at least $165.95 under the Agreements, plus pre-judgment interest, post-judgment interest, and costs.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

16.     DISH incorporates herein by reference each and every allegation set forth above in its Counterclaim.

17.     DISH and Mr. Calabris entered into the Agreements, each valid and binding contracts, whereby DISH agreed to provide the Services to Mr. Calabris in exchange for payment.

18.     DISH performed all of its obligations under the Agreements and all conditions precedent to DISH's recovery of the amounts due have occurred.

19.     Mr. Calabris has breached the Agreements by failing to pay DISH the amount due under the Agreements.

20.     Mr. Calabris's breach of the Agreements has caused injury to DISH in the amount of at least $165.95, plus pre-judgment interest, post-judgment interest, and costs.

WHEREFORE, Defendant/Counterclaimant DISH Network L.L.C. denies that Plaintiffs are entitled to any relief whatsoever, and respectfully requests that the Court enter judgment in favor of DISH and against Mr. Calabris on DISH's Counterclaim, that the Court award DISH its attorneys' fees and costs incurred in defending this action, and award DISH such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

DISH demands a trial by jury on all claims and issues so triable.

Dated:  November 2, 2018          */s/ Eric Larson Zalud*
ERIC LARSON ZALUD
ANTHONY C. SALLAH
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
asallah@beneschlaw.com

*Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com

*Attorneys for Plaintiffs*

/s/ Eric L. Zalud
*One of the Attorneys for Defendant*
*DISH Network L.L.C.*

11661259 v2