**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-02373-WJM-NYW

REBECCA CALABRIS and
DAVID CALABRIS,

    Plaintiffs,

v.

DISH NETWORK, LLC,

    Defendant.

---

**~~PROPOSED~~ SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference is scheduled for November 20, 2018 at 10:30 a.m.

**Appearing for Plaintiffs, Rebecca Calabris & David Calabris:** Marwan R. Daher, Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 537-1770.

**Appearing for Defendant, Dish Network, LLC:** Eric L. Zalud; Benesch Friedlander Coplan & Aronoff LLP, 200 Public Square, Cleveland Ohio, 44144; Telephone: 216-363-4588.

### 2. STATEMENT OF JURISDICTION

**Plaintiffs:** This court has subject matter jurisdiction over this action under 28 U.S.C. §1331 because Plaintiffs' claims were brought under a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). This court has personal

1

jurisdiction over this matter because Defendant maintains significant business contacts in the District of Colorado and is headquartered in the District of Colorado.

**Defendant:** Jurisdiction is proper over DISH's Counterclaim pursuant to 28 U.S.C. § 1367(a).

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs' statement**:

Plaintiffs' Complaint (Dkt. 1) alleges that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"). Plaintiffs contend that Defendant called their cellular telephone numbers using an automated telephone dialing system and pre-recorded messages after seeking payment of a debt and after Plaintiffs' demanded that it cease calling, in violation of the TCPA.

b. **Defendant's statement:**

DISH denies that it is liable to Plaintiffs under the TCPA. Plaintiffs are former DISH customers and provided DISH with prior express consent for DISH to call them, which consent was provided in a bilateral contract with a bargained for consent provision. Further, Plaintiffs are in breach of the Agreements entered into between the parties and owe DISH not less than $165.95 under the Agreements, plus pre-judgment interest, post-judgment interest, and costs.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

None.

## 5. COMPUTATION OF DAMAGES

Plaintiffs: Plaintiffs seek statutory damages of $500.00 to $1,500.00 per phone call under the TCPA.

Defendant: Pursuant to the Agreements attached to DISH's Counterclaim for breach of contract, Plaintiffs owe DISH not less than $165.95, plus pre-judgment interest, post-judgment interest, and costs.

## REPORT OF PRE-CONFERENCE DISCOVERY &
## MEETING UNDER Fed. R. Civ. P. 26(f)

a. **Date of Rule 26(f) Meeting:** November 20, 2018.

b. **Names of each participant and each party represented:**

Counsel for Plaintiffs: Marwan R. Daher, Sulaiman Law Group, Ltd. Counsel for Defendant: Eric L. Zalud; Benesch Friedlander Coplan & Aronoff LLP.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

Disclosures will be made on or before November ~~27~~ 30, 2018, <u>with documents identified by those Initial Disclosures made at that time</u>.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

~~The parties do not propose any changes to the timing or requirement of disclosures at this time~~. <u>See above.</u>

e. **Statement concerning any agreements to conduct informal discovery:**

The parties have not agreed to make any documents available without the need for a formal request for production at this time.

    **f. Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The parties will confer and attempt to agree on a joint set of trial exhibits, using the same numbering. However, the parties reserve the right to submit their own trial exhibits with their own numbering convention if they cannot agree.

    **g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF) where applicable. If a party requests native format then the parties will reasonably work together to facilitate such a request.

    **h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have yet to discuss the possibility of settlement. Plaintiffs will promptly issue a demand upon request.

## 6. CONSENT

The parties do not consent to the exercise of jurisdiction of a U.S. Magistrate Judge.

## 7. DISCOVERY LIMITATIONS

    **a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to limit the number of depositions to three (3) depositions for each side, but the parties are in no way agreeing to provide three (3) depositions. The rules, procedures, and

scope limitations of discovery still apply. Defendant reserves the right to request leave for additional depositions should discovery reveal that additional depositions are necessary. The parties will comply with all other discovery limitations as set forth by the Federal Rules of Civil Procedure.

<u>Each side may serve up to twenty-five (25) interrogatories, including discrete subparts.</u>

**b. Limitations which any party proposes on the length of depositions.**

~~The parties will comply with the limitations set forth in Federal Rule of Civil Procedure 30.~~ <u>Each deposition may last up to one day of seven hours.</u>

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

~~The parties will comply with the limitations set forth in Federal Rules of Civil Procedure 34 and 36.~~ <u>Each side may serve up to twenty-five (25) requests for production and twenty-five (25) requests for admissions.</u>

**d. Other Planning or Discovery Orders**

The parties will also seek entry of a stipulated protective order to allow the exchange of sensitive information, including trade secret and other proprietary information belonging to Defendant. <u>The Parties will submit a proposed Stipulated Protective Order no later than December 13, 2018 for the court's consideration.</u>

## 8. CASE PLAN AND SCHEDULE

**a. Deadline to Amend Pleadings <u>and for Joinder of Parties</u>**

January 25, 2019.

**b. Discovery Cut-off**

July 24, 2019.

**c. Dispositive Motion Deadline**

August 30, 2019.

**d. Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs anticipate that expert testimony may be need with respect to the technology used by Defendant to generate the alleged calls. Defendant anticipates that expert testimony will be necessary to defend against Plaintiff's contention that it used an ATDS as defined by the TCPA.

2. Limitations which the parties propose on the use or number of expert witnesses.

~~The parties propose to limit the number of expert witnesses to~~ two per side, including rebuttal experts.

3. Plaintiffs shall designate its expert and provide defense counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 31, 2019, including an expert report. <u>This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

4. Defendant shall designate its experts and provide plaintiff's counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 28, 2019, including an expert report. <u>This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

<u>Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.</u>

**e. Identification of Persons to Be Deposed**

Plaintiffs: Corporate representative of Defendant, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures, any employee of Defendant who spoke with Plaintiffs, and persons disclosed through the course of discovery or further investigation.

Defendant:  Rebecca and David Calabris.

The dates and times of the depositions have yet to be determined.

**f. Deadlines for Interrogatories**

All discovery should be served <u>forty-five (45) days prior to discovery deadline</u> ~~in time for completion on July 25, 2019~~.

**g. Deadline for Requests for Production and Admissions**

All discovery should be served in time for <u>forty-five (45) days prior to discovery deadline</u> ~~completion on July 25, 2019~~.

## 9. DATES FOR FURTHER CONFERENCES

~~*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*~~

a. Status conferences will be held in this case at the following dates and times:

_____.

7

  b. A final pretrial conference will be held in this case on <u>October 17, 2019</u> at <u>1:30</u> o'clock p.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 10. OTHER SCHEDULING ISSUES

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will be complete in two days before a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Watsatch Street, Colorado Springs, Colorado.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 29th day of November, 2018.

BY THE COURT:

_____
Magistrate Judge
United States District Court

APPROVED:

| s/ MARWAN R. DAHER | s/ Eric Larson |
|---|---|
| Omar T. Sulaiman, Esq. | Eric Larson Zalud, Esq. |
| Alexander J. Taylor, Esq. | Anthony C. Sallah, Esq. |
| Marwan R. Daher, Esq. | Benesch Friedlander Coplan & Aronoff, LLP |
| 2500 South Highland Ave., #200 | 200 Public Square, #2300 |
| Lombard, Illinois 60148 | Cleveland, Ohio 44114 |
| osulaiman@sulaimanlaw.com | 216-363-4500 |
| ataylor@sulaimanlaw.com | 216-363-4588 |
| mdaher@sulaimanlaw.com | ezalud@beneschlaw.com |
| *Attorneys for Plaintiffs* | asallah@beneschlaw.com |
| | *Attorneys for Defendant* |